Btjrket, C. J.
That the legacy of $8,000.00 to the widow each year for the term of her natural life is in character, under our taxing statutes, the same' as a like legacy to another person, is too clear for argument. The fact that she accepted under the will of her deceased husband does not turn the legacy into an annuity, if a like legacy to a son, a daughter, or a stranger in blood, would not constitute such annuity. In taxation the corpus of the property is taxed without reference to its source, or the means by which the owner acquired the same.
Section 2 of article 12 of the constitution imposes upon the general assembly the duty of passing laws taxing all property at its true value in money, with certain named exceptions. Under this section the general assembly has enacted our tax laws, and has made a general provision in section 2731 that “all property, real or personal, in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state” shall be taxed, etc.
It is claimed by counsel for defendant in error, that this legacy is an investment in an annuity, and being of the same general class as credits, investments in bonds and stocks, that it is included within the word “otherwise ” that all property must be taxed, and that as this legacy is property, it must also be taxed. But this section is only the declaratory sec *378 tion, and subsequent sections, especially 2736, 2737 and 2739 carry this declaratory section into execution, and prescribe the manner in which taxation is to' be imposed upon property therein specified; and property not so specified in any section, is not taxed; as for instance, investments in life insurance policies are not taxed, for the reason that no statute authorizes their taxation, although thousands, if not millions of dollars are invested in them,, many being'fully paid up, and'others having a surrender value. Such policies are clearly property, and very valuable property at that, but not taxed, because no statute specifically requires their taxation. The same is true of many other valuable investments. So that the word “otherwise” in section 2731 includes only such property or investments as are specifically mentioned and required to be taxed in the subsequent sections, and property or investments not so mentioned cannot be taxed. And in so specifically mentioning and requiring to be taxed, the property must be such as is ordinarily included in the description given, and not such as can be brought within the description by a process of reasoning only, or by a strained construction. The general assembly must be presumed to be able to fairly describe such property as it desires to tax, without resorting to a strained construction, or a course of fine reasoning.
True annuities are specifically mentioned as taxable in sections 2736, 2737 and 2739, and must therefore be held to be within the word “otherwise” in section 2731, and if this legacy is an annuity within the meaning of those sections, it is taxable. But is it such annuity? We think not.
An annuity, as understood in common parlance, is an obligation by a person or company to pay to the *379 annuitant a certain sum of money at stated times during life or a specified number of years, in consideration of a gross sum paid for sucb obligation, and this in substance is the kind of annuity covered by ■said sections of the statute. In such an annuity there is no connection, in a tax sense, between the annuity and the gross sum paid therefor. The separation is as complete as where one loans money and takes a bond* therefor, in which case the borrower must pay tax on the money, and the lender must pay tax on the bond; or where a horse is sold on credit, and a note taken to secure the price, taxes must be paid on both horse and note, because they are completely separated, and the note is independent of the horse.
But in the matter of the legacy in question, the estate is retained by the executors, and they invest a sufficient amount thereof to bring in $8,000.00 of interest annually, and pay that interest to the widow, and thereby her legacy remains connected with the estate, ■and dependent thereon for its payment. In fact, payment must be made out of the estate, the legacy and estate being combined and both together constituting but one; and as the estate is and must be taxed on its full value, to tax her on her legacy as an annuity, would clearly be double taxation. It would be the same in principle as where a man has a building worth $200,000.00 and makes a lease thereof for, say, six years at a rental of $8,000.00, payable quarterly, $2,000,00 each quarter, and the authorities would tax him on the building, and then call the rental an annuity, or sum of money receivable at stated periods, and fix its present worth according to the tables at, say, $45,000.00, and thus compel him to pay tax on both building and rental. Or suppose a man should invest $200,000.00 in four per cent, railroad bonds *380 having, say, six years to run, the interest payable quarterly, so that the interest would be a sum of money receivable at stated periods; would it be lawful to regard the interest as an annuity, and fix its-present worth at, say, $45,000.00, and compel him to-pay taxes on both bonds and interest? We think not.
In the case of a mortgage on realty there is no connection between the mortgage and the realty. They are owned by, at least, two different persons, and each must pay taxes on his holdings. The money to pay the mortgage does not grow out of the realty, but may come from the world at large. But in the supposed case of rental the rent grows, as it were, out of the-building, and both building and rental constitute but one property. So also as to the railroad bonds and the interest thereon. So also as to this estate and legacy. The legacy grows out of the estate each quarter, and on failure of sufficient interest, part of the principal may be taken, but even that part adheres to the estate, grows out of it, cannot be separated therefrom before payment to the widow, and payment cannot be made out of any other fund. The estate is, therefore, a trust fund in the hands of the executors for the payment of the quarterly installments of her legacy. It is a case of trustee and beneficiary, and’ not debtor and creditor. Neither is it an annuity; and to hold it to be such by construction, is to give the will a character which it has not, and take from it a character which it clearly has. This cannot be done.
Tt is therefore clear that until received by the widow each quarter, the legacy remains merged in the estate as a part thereof, that the taxes paid by the estate are all that can be lawfully exacted, and that she *381 ■cannot be taxed on any part of her legacy until after its receipt by her.
Counsel for defendant in error cite and rely upon Wetmore v. State, 18 Ohio, 77, and claim that the case at bar must be ruled by that case. We do not think so. That case was decided under a constitution which did not require uniformity and equality in taxation as is now required. And while there is great similarity in the statutes they are not exactly alike, and at this day it is impossible to determine all the considerations that may have influenced the court. Besides, the case seems to have been meagerly argued, and the controlling questions entirely overlooked.
The court concedes that the matter ip question in that case was not strictly and technically an annuity, but argues that it was then included in “credits;” while here it is conceded that it is not included in “credits,” but is claimed to be included in the word “otherwise.” But even if that be so, we have already shown that such a legacy is not an annuity, ■and therefore not taxable. We are, however, free to say, that from all we can gather from the Wetmore case, the interest received at stated times by Mrs. Wetmore, did not constitute an annuity under our present tax laws, although the court found as the law then stood, that it was taxable as an annuity included in the term “credits.”

Judgment reversed and judgment for plaintiff in error.

Spear, Davis, Shauck, Price and Crew, JJ., concur.